U.S. Bank Trust, N.A. v Wellbrock (2021 NY Slip Op 04160)





U.S. Bank Trust, N.A. v Wellbrock


2021 NY Slip Op 04160


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-10361
 (Index No. 609596/15)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
John Wellbrock, etc., et al., appellants, et al., defendants.


Klein & Vizzi, LLP, West Babylon, NY (John J. Vizzi of counsel), for appellants.
Day Pitney, LLP, New York, NY (Christina Livorsi of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants John Wellbrock and Kathleen M. Wellbrock appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated August 13, 2019. The order denied those defendants' motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In September 2015, the plaintiff commenced this action to foreclose a mortgage. The defendants John Wellbrock and Kathleen M. Wellbrock (hereinafter together the defendants) interposed an answer which, among other things, asserted the affirmative defense that the action was barred by the applicable statute of limitations.
The defendants moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred, and related relief. In support of the motion, the defendants submitted, among other things, evidence that a prior foreclosure action was commenced in June 2009 (hereinafter the 2009 action), and that, in the complaint in the 2009 action, the plaintiff's predecessor in interest elected to call due the entire balance of the outstanding loan amount secured by the mortgage. The defendants asserted that the 2009 action was dismissed by the Supreme Court in April 2013, and no further action had been taken by the plaintiff or its predecessor in interest to recommence the 2009 action. The defendants argued that since the entire debt was accelerated and more than six years had passed, the instant action was time-barred.
In opposition to the motion, the plaintiff asserted that the 2009 action had been voluntarily discontinued and that the plaintiff's predecessor in interest had meant for the discontinuance to serve as a revocation of its prior election to accelerate the mortgage debt. In the order appealed from, the Supreme Court denied the defendants' motion, finding triable questions of fact as to whether the prior action was voluntarily discontinued. The defendants appeal.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). Even if the loan secured by the mortgage is payable in installments, once the debt is accelerated, the full balance is due and the statute of limitations begins to run on the entire debt (see Freedom Mtge. Corp. v Engel, _____ NY3d _____, _____, 2021 NY Slip Op 01090, *2; Bank [*2]of N.Y. Mellon v Craig, 169 AD3d 627, 628). The parties are in agreement that the outstanding balance of the subject loan was accelerated in June 2009 when the plaintiff's predecessor in interest commenced the 2009 action.
Where the maturity of all payments due on a loan "has been validly accelerated by commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, _____ NY3d at _____, 2021 NY Slip Op 01090, *2). Here, the Supreme Court properly concluded that there were triable questions of fact as to whether the plaintiff's predecessor in interest voluntarily withdrew the 2009 action, and, therefore, properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, and related relief.
In light of our determination, we need not reach the defendants' remaining contention.
MASTRO, J.P., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court